IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN-PIERRE BANEY, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:12-CV-5142-M |
| | ) |
| ERIC HOLDER, United States | ) |
| Attorney General, | ) |
|     Defendant. | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.    BACKGROUND**

Plaintiff filed this civil action against Attorney General Eric Holder. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

Plaintiff filed a one-page complaint and attached a cover page from a case he filed in the Federal Circuit Court of Appeals appealing from a Merit System Protection Board ("MSPB") decision, and he attached transcripts from an Administrate Law Judge's hearing in an EEOC case he filed against the Department of Justice.

The Court sent Plaintiff a Magistrate Judge's Questionnaire ("Questionnaire") to obtain more information regarding his claims. Plaintiff's claims arise from his previous employment as a cook for the Bureau of Prisons ("BOP"). In his responses to the Questionnaire he states he is

filing suit under the Whistleblower Protection Act, the Family Medical Leave Act, the Soldier and Sailor Relief Act, USERRA, and for slander and harassment. In his responses to the Magistrate Judge's Questionnaire, Plaintiff also added eighty-five defendants to his complaint. Plaintiff, however, raises factual allegations against only four Defendants. He fails to identify any act or wrongdoing against any other specific individual. Plaintiff seeks money damages and credit for annual leave and sick leave.

## II.    SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

A complaint that duplicates claims asserted in an earlier case may be deemed frivolous or malicious and is subject to summary dismissal. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989).

### III. DISCUSSION

1. **Previous Litigation History**

   Plaintiff has a long history of filing litigation. As discussed in a previous case filed in the Northern District of Texas:

   > Since 2003, he filed at least (1) five cases in the United States Supreme Court; (2) one case in the United States Court of Appeals for the Fifth Circuit; (3) six civil cases in this Court alone, including this one and a more recent March 2012 case; (4) seventeen cases in the Federal Circuit Court of Appeals; (5) thirty cases with the Merit System Protection Board (MSPB); (6) twenty-five Unfair Labor Practice charges; (7) four Equal Employment Opportunity (EEO) "class action lawsuits"; and (8) thirty EEO cases.

   *Baney v. Holder*, No. 3:11-CV-2922-D (N.D. Tex. May 7, 2012) (rec. adopted Aug. 3, 2012), 2012 WL 3166298 at *2. Additionally, Plaintiff filed two more cases in this Court, including this case, after judgment was entered in the above cited case.

2. **Whistleblower Protection Act**

   Plaintiff states his claims under the Whistleblower Protection Act as follows:

   (a) The Plaintiff has been in protected activity for the past 8 years.

   (b) The facts will show I was retaliated against.

   (c) The Defendants committed these act of retaliation.

   (d) The Bureau of Prisons acted with a retaliatory motive was because the plaintiff had filed Whistle Blower Protection Act.

   (e) If the court grants the Plaintiff a court date, the facts will be entering in Court.

   (Magistrate Judge's Questionnaire, Answer No. 3.)

   Plaintiff has previously been informed that the Court lacks subject matter jurisdiction over his claims. In *Baney v. Dep't of Justice (Bureau of Prisons)*, No. 3:07-CV-922-P (N.D.

Tex., Dallas Div. Dec. 11, 2007), the Court stated:

> The Whistleblower Act "increases protections for whistleblowers, but it does so within the context of the Civil Service Reform Act ("CSRA"). *Grisham v. United States*, 1997 U.S. App. LEXIS 12788 (5th Cir. 1997). Chapter 23 of the CSRA establishes the principles of the merit system of employment, 5 U.S.C. § 2301, and forbids an agency to engage in certain "prohibited personnel practices," including unlawful discrimination, coercion of political activity, nepotism, and reprisal against so-called whistleblowers. § 2302. Nonpreference excepted service employees who are not in positions of a confidential or policymaking nature are protected by this chapter, 5 U.S.C. § 2302(a)(2)(B), and are given the right to file charges of "prohibited personnel practices" with the Office of Special Counsel of the MSPB, whose responsibility it is to investigate the charges and, where appropriate, to seek remedial action from the agency and the MSPB. 5 U.S.C. § 1206. Therefore this Court lacks jurisdiction to hear Plaintiff's Whistleblower Act claim.

*Id.*; *see also, Baney v. Holder*, 3:11-CV-2922-D (N.D. Tex. Dallas Div. Aug. 3, 2012), 2012 WL 3166298 (dismissing Whistleblower Act claims for want of jurisdiction). Plaintiff's Whistleblower Act claims should be dismissed for lack of subject matter jurisdiction.

**3.     USERRA Claims**

Plaintiff also raises claims under the Uniformed Services Employment and Re-employment Rights Act of 1994 ("USERRA"). Plaintiff has previously been informed that this Court lacks jurisdiction over his USERRA claims. The USERRA provides that the Federal Circuit Court of Appeals, not the district courts, shall have jurisdiction over complaints by federal employees. *See* 38 U.S.C. § 4324(d)(1); *Baney v. Holder*, No. 3:11-CV-2922 (N.D. Tex. May 7, 2012), 2012 WL 3166298 at *4; *Baney v. Dept. of Justice*, No. 3:07-CV-922-P (N.D. Tex. Dec. 11, 2007); *Baney v. Gonzales*, No. 3:06-CV-2064-L (N.D. Tex.), 2007 WL 1944462 *4. Plaintiff's claims under the USERRA should be dismissed.

**4.     Soldiers and Sailors Relief Act**

Plaintiff states he seeks relief under the Soldiers and Sailors Relief Act, 50 app. U.S.C. §§

501-593. "The purpose of the Relief Act is to suspend enforcement of civil liabilities of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). The Relief Act applies to service personnel and reservists who must report for military service. 50 app. U.S.C. §§ 511 and 516.

Plaintiff claims he is entitled to relief under this Act because:

> Since 2003, when I return from the Military. The Bureau of Prisons has and continues to take some kind of Adverse Action towards my family and me. These Defendant needs to be shown that the Law's is for everybody that includes, Government Employees and not against Veterans' from any War.

(Magistrate Judge's Questionnaire, Answer No. 6.) Plaintiff has failed to show he is currently under enforcement of any civil liability and that he has been ordered to report for military service. Plaintiff's claims should be dismissed.

**5.    Harassment**

Plaintiff seeks relief for harassment. He states:

> My family and myself were threatened by a Co-work, the Bureau of Prisons would do nothing to stop the harassment. I had to report it to the FBI, and the OIG and they just cover it up.

(Magistrate Judge's Questionnaire, Answer No. 5.)

Although the Magistrate Judge's Questionnaire requested all facts that Plaintiff intended to rely upon to support his harassment claim, Plaintiff failed to state who allegedly harassed him, the date of any harassment and what the harassment consisted of. Plaintiff's allegations fail to state a claim for harassment. His claim should be dismissed.

**6. FMLA**

Plaintiff states he seeks relief under the Family Medical Leave Act, 29 U.S.C. §§ 2601, *et seq*. ("FMLA"). He states he was required to take annual leave and sick leave to attend his wife's doctor appointments. He states this left him with no available leave time when his wife had surgery. He also states he was diagnosed with bladder cancer in 2010, but he was afraid to inform his supervisors of his condition because he was afraid the BOP would retaliate against him.

Under the FMLA, an employee is allowed twelve weeks of unpaid leave per year for certain enumerated reasons, such as a serious health condition, or to care for a family member with a serious health condition. 29 U.S.C. § 2612 (held unconstitutional as to abrogating state's immunity from suit for damages pursuant to *Coleman v. Court. of Appeals of Maryland*, ___ U.S. ___, 132 S.Ct. 1327, 1337 (2012)). The FMLA allows an employer to require an employee to use accrued paid leave for FMLA leave. 29 U.S.C. § 2612(d). Plaintiff's claim that he was required to use accrued leave for his FMLA leave therefore fails to state a claim for relief. Further, Plaintiff's claim that he feared he would be retaliated against if he told the BOP that he had bladder cancer also fails to state a claim for relief. Under the FMLA, an employee must provide the employer with notice of a serious health condition to invoke the leave requirements. *Towns v. Northwest Miss. Elec. Power Ass'n*, 478 Fed. Appx. 244, 246-47 (5th Cir. 2012). This claim should be dismissed.

**7. Slander**

Plaintiff alleges that Wardens Kevin Wendt, Dan Joslin, Dave Berkebile and Maureen Cruz used false statements to slander him in proceedings before the EEOC and MSPB. To prove

slander, a plaintiff must allege a false, oral defamatory statement published to a third person without legal justification or excuse. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). Plaintiff, however, has not identified any false statement to support his claim of slander. Plaintiff's claim should be dismissed.

**8.     EEOC Hearing Transcripts and Federal Circuit Cover Sheet**

Plaintiff attaches to his complaint transcripts from an August 12, 2012, EEOC hearing denying Plaintiff's hostile work environment claims, and a cover sheet from an MSPB appeal that Plaintiff filed in the Federal Circuit Court of Appeals.

His complaint, and the answers to the Magistrate Judge's Questionnaire, however make no reference to either of these proceedings. A plaintiff must do more than simply attach a document to a complaint to state a claim for relief. He must also in some way identify the allegation that he wishes to incorporate into his lawsuit. *Muttathottil v. Mansfield*, 381 Fed. Appx. 454, 456-57 (5th Cir. 2010) (citing *Shelter Mut. Ins. Co. v. Public Water Supply Dist. 7*, 747 F.2d 1195, 1198 (9th Cir. 1984)). Plaintiff has failed state a claim by simply including these documents with his complaint.

**9.     Sanctions**

Plaintiff has previously been warned that, "if he persists in filing frivolous lawsuits or lawsuits that fail to state a claim or over which the court lacks subject matter jurisdiction, the court may impose monetary sanctions and/or bar him from bringing any further action of any kind *in forma pauperis* and or without written approval." *Baney,* 2012 WL 3166298 at *5 (citing Fed. R. Civ. P. 1). Additionally, Magistrate Judge Horan has recommended that Plaintiff be required to obtain leave of court prior to filing any future litigation in this Court. *Baney v.*

*Holder*, 3:12-CV-5140-N (N.D. Tex. Feb. 5, 2013) (rec. pending).

The Court finds that Plaintiff should additionally be sanctioned $100. Plaintiff should be required to pay this sanction prior to filing any case in this Court.

**RECOMMENDATION**

The Court recommends that Plaintiff's claims under the Whistleblower Protection Act and USERRA be dismissed without prejudice for lack of subject matter jurisdiction, and that his remaining claims be dismissed with prejudice as frivolous. The Court further recommends that Plaintiff be sanctioned $100 and that he be required to pay this sanction prior to filing any case in this Court.

Signed this 12th day of February, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).